# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN
# GREEN BAY DIVISION

TANYA NEUBAUER,

        Plaintiff,

vs.        Case No.: 1:20-cv-1466

INTEGRITY RECOVERY MANAGEMENT, LLC; and SAMUEL PICCIONE,

        Defendants.

## COMPLAINT FOR VIOLATIONS OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

This action is brought by Plaintiff, TANYA NEUBAUER, against Defendants, INTEGRITY RECOVERY MANAGEMENT, LLC ("IRM") and SAMUEL PICCIONE ("PICCIONE"), based on the following:

### I.    PRELIMINARY STATEMENT

1. Plaintiff brings this action for the illegal practices of Defendants when attempting to collect an alleged debt from her in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692-1692p.

2. Such practices include attempting to collect consumer debts by engaging in conduct prohibited by, or failing to engage in conduct required by, the FDCPA.

3. The FDCPA regulates the behavior of "debt collectors" (including collection agencies, collection attorneys, debt buyers) when attempting to collect a consumer debt. Congress found "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors" which "contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy." 15 U.S.C. § 1692(a). The

FDCPA was expressly adopted "to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

4. The FDCPA, at 15 U.S.C. § 1692c, prohibits when and with whom a debt collector may communicate when attempting to collect a debt and, at 15 U.S.C. § 1692b, limits communications with third parties to the collection of "location information."

5. The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. *McMahon v. LVNV Funding, LLC*, 807 F.3d 872, 876 (7th Cir. 2015).

6. To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection letters and names a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16). Among these *per se* violations are: false representations concerning the character, amount, or legal status of any debt, 15 U.S.C. §1692e(2)(A); the threat to take any action that cannot legally be taken or that is not intended to be taken, 15 U.S.C. § 1692e(5); and the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, 15 U.S.C. § 1692e(10).

7. When collecting or attempting to collect a debt, the FDCPA bars a debt collector's use of: (a) false, deceptive, or misleading means or representations; and (c) unfair or unconscionable means. 15 U.S.C. §§ 1692d, 1692e, and 1692f. Each of those Sections contain a list of specific *per se* violations but they are nonexclusive and do not limit the general application of each Section's broad prohibitions.

Page **2** of **9**
Case 1:20-cv-01466-WCG   Filed 09/18/20   Page 2 of 9   Document 1

8. When the collection process starts, the FDCPA requires a debt collector to provide a consumer with basic debt information and the consumer's right to debt-verification. 15 U.S.C. § 1692g.

9. A debt collector's conduct violates the FDCPA when viewed from the perspective of an "unsophisticated debtor." *Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994). "The unsophisticated consumer is uninformed, naive, and trusting, but possesses rudimentary knowledge about the financial world, is wise enough to read collection notices with added care, possesses reasonable intelligence, and is capable of making basic logical deductions and inferences." *Williams v. OSI Educ. Servs., Inc*, 505 F.3d 675, 678 (7th Cir. 2007) (internal editing notations and quotation marks omitted).

10. A single violation is sufficient to establish liability. *Nielsen v. Dickerson*, 307 F.3d 623, 640 (7th Cir. 2002).

11. When a debt collector fails to comply with the FDCPA "with respect to any person," it "is liable to such person in an amount equal to the sum of" "any actual damage sustained," "additional" or statutory damages, costs, and reasonable attorneys' fees. Statutory damages are limited: a plaintiff may recover no more than $1,000.

12. Plaintiff seeks such relief as is allowed under FDCPA including, without limitation, statutory damages, attorney fees and costs.

## II. PARTIES

13. NEUBAUER is a natural person who, at all times relevant to this lawsuit, was a citizen of and resided in the City of Neenah, Winnebago County, Wisconsin.

14. At all times relevant to the factual allegations of this Complaint, IRM was a for-profit limited liability corporation formed under the laws of the State of Nevada.

15. On information and belief, IRM maintains its principal place of business at 7455 Arroyo Crossing Parkway, Suite 220, Las Vegas, NV 89113.

16. IRM's registered agent in Nevada is LegalCorp Solutions, LLC, 2831 Saint Rose Parkway, Suite 200-400, Henderson Nevada 89052-4840.

17. PICCIONE is a natural person who, at all times relevant to the factual allegations of this Complaint, was the managing member of IRM.

18. On information and belief, PICCIONE maintains an address 4894 Mount View Drive, Lockport, New York 14094.

### III. JURISDICTION & VENUE

19. Jurisdiction of this Court arises under 28 U.S.C. §§ 1331 and 1337.

20. Venue is appropriate in this federal district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to claims occurred within this federal judicial district, and because Defendant is subject to personal jurisdiction in the State of Wisconsin at the time this action is commenced.

### IV. FACTS

21. IRM regularly engages in the collection of defaulted consumer debts alleged to be owed to others.

22. IRM is a business the principal purpose of which is the collection of defaulted consumer debts.

23. In attempting to collect debts, IRM uses instruments of interstate commerce such as the mail, telephone, and the Internet.

24. During all times pertinent hereto, PICCIONE (a) created the collection policies and procedures used by IRM, and its respective employees and agents, in connection with its

efforts to collect consumer debts, (b) managed or otherwise controlled the daily collection operations of IRM, (c) oversaw the application of the collection policies and procedures used by IRM and its employees and agents, (d) drafted, created, approved and ratified the tactics and scripts used by IRM and its employees and agents to collect debts from consumers, including the tactics and scripts that were used to attempt to collect an alleged debt from Plaintiff as alleged in this complaint, (e) ratified the unlawful debt collection practices and procedures used by IRM and its employees and agents in connection with their efforts to collect consumer debts, and (f) had knowledge of, approved, participated in, ratified and benefitted financially from the unlawful debt collection practices used by IRM and its employees and agents in their attempts to collect an alleged debt from Plaintiff as alleged in this complaint.

25. IRM transmitted via electronic means a communication on September 30, 2019 (the "Communication") to NEUBAUER.

26. A true and correct copy of the Communication is attached as *Exhibit A*, except that portions are redacted.

27. The Communication sought to collect a defaulted financial obligation (the "Debt").

28. The alleged Debt arose out of one or more transactions in which the money, property, insurance, or services that were the subject of the transaction were primarily for personal, family, or household purposes.

29. NEUBAUER has never incurred any financial obligations in any business transaction or in any transactions other than ones which were for personal, family, or household purposes.

30. The Debt was placed with IRM for purposes of collection.

31. The Communication offered to settle the Debt on the condition that NEUBAUER make the settlement payment that very day:

> Pursuant to our discussion and our client's approval we are authorized to offer you a settlement on the above referenced account. Upon receipt of <u>cleared</u> funds, your account will be considered settled in full. Each payment must be received in our office no later than the close of business on the date indicated below. This offer represents a substantial savings over the actual amount of $4,178.34 owed and is an opportunity for you to take care of this obligation at a greatly reduced cost. If payments are not received in the indicated amounts and on or before the date due, this offer is hereby revoked, and Integrity Recovery Management is under no further obligation to honor the terms of this offer.
>
> $2,114.17 due on 09/30/19 for paid in full and removed from all credit reports.

32. IRM created a sense of urgency characteristic of one-time take-it-or-leave-it settlement offers by offering to settle at a discount on the condition that payment was received the same day as the offer, September 30, 2019.

33. The Communication's settlement offer was false, deceptive, and misleading because it causes the unsophisticated consumer to think that if payment of the reduced amount is not made by the deadline, there will be no further chance to settle the Debt for less than the full amount.

34. The misleading sense of urgency was increased by the statement "If payments are not received in the indicated amounts and on or before the date due, this offer is hereby revoked, and Integrity Recovery Management is under no further obligation to honor the terms of this offer."

35. In fact, IRM could and would renew the settlement offer unless the Debt were recalled by the creditor or Plaintiff sought the protection of the bankruptcy laws.

36. IRM's settlement offer is materially false, deceptive, and misleading, because it influences the unsophisticated consumer's decision to pay the debt.

37. The Communication is materially false, deceptive, and misleading to an unsophisticated conumer "[b]ecause these consumers must often make difficult decisions about how to use scarce financial resources, it is plausible that the fear of 'late charges and other charges' might influence these consumers' choices." *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 368 (7th Cir. 2018).

38. A rational person with limited financial resources would, based on the Communication, choose to pay the Debt over an otherwise identical debt in which the Communication transmiting the offer did not communicate the false impression the offer was a one-time take-it-or-leave-it offer.

39. The Communication deprived NEUBAUER of truthful, non-misleading infromation in connection with IRM's and PICCIONE's attempt to collect a debt.

## V. CAUSE OF ACTION FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

40. The factual allegations in the preceding paragraphs are realleged and incorporated by reference.

41. IRM is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

42. PICCIONE is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

43. The Debt is a "debt" as defined by 15 U.S.C. §1692a(5).

44. NEUBAUER is a "consumer" as defined by 15 U.S.C. § 1692a(3).

45. *Exhibit A* is a "communication" as defined by 15 U.S.C. § 1692a(2).

46. The use and mailing of *Exhibit A* by Defendants violated the FDCPA in one or more following ways:

(a) Using a false, deceptive, or misleading representation or means in violation of 15 U.S.C. § 1692e;

(b) Using a false misrepresentation of the character, amount, or legal status of a debt in violation of 15 U.S.C. § 1692e(2)(A);

(c) Using a false representation or deceptive means to collect or attempt to collect a debt in violation of 15 U.S.C. § 1692e(10);

(d) Collecting a debt using unfair means in violation of 15 U.S.C. § 1692f.

## VI. PRAYER FOR RELIEF

47. WHEREFORE, Plaintiff demands judgment against, Defendants, IRM and PICCIONE. Specifically Plaintiff requests entry of an Order:

(a) Awarding statutory damages to Plaintiff pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(b) Awarding attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3);

(c) Awarding, to the extent the recovery of reasonable attorneys' fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3) causes a negative tax consequence to Plaintiff, a sum sufficient to ameliorate such consequences; and,

(d) Ordering such other and further relief as may be just and proper.

## VII. JURY DEMAND

48. Trial by jury is demanded on all issues so triable.

|  |  |
|---|---|
| Dated: September 18, 2020 | *s/Francis R. Greene* <br> *Francis R. Greene* <br> Francis R. Greene (WI Bar # 1115577) <br> Philip D. Stern (NJ Bar # 045921984) <br> Andrew T. Thomasson (NJ Bar # 048362011) <br> Katelyn B. Busby (AR Bar #2014155) <br> *Attorneys for Plaintiff, Tanya Neubauer* <br> STERN•THOMASSON LLP <br> 3010 South Appleton Road <br> Menasha, Wisconsin 54952 <br> Telephone (973) 379-7500 <br> E-mail: Francis@SternThomasson.com <br> E-mail: Philip@SternThomasson.com <br> E-mail: Andrew@SternThomasson.com <br> E-mail: Katelyn@SternThomasson.com |